E. SCOTT MINNICH, appellee, v. WORLD WAR II SERVICE COMPENSATION BOARD OF IOWA and STATE OF IOWA, appellants.

No. 48233.

(Reported in 57 N.W.2d 803)

APRIL 8, 1953.

Robert L. Larson, Attorney General, and Herbert H. Hauge, Special Assistant Attorney General, for appellants.

Minnich & Minnich, of Carroll, for appellee.

MULRONEY, J.—This appeal presents the question of whether plaintiff is entitled to the payment of World War II Service Compensation for the period of time that he was a cadet at the United States Military Academy at West Point, New York. He was a cadet at the academy from July 1, 1943, until commissioned in the United States Army Air Force Branch on June 4, 1946. On the latter date he also received a Bachelor of Science Degree from the academy. He remained in the army and defendant Board paid that part of his bonus claim for army service from June 4, 1946 to December 31, 1946 ($70), but rejected the part of his bonus claim for the time he was a cadet at the academy. Upon appeal to the district court the Board's order was reversed and it was held plaintiff was entitled to compensation payment based on the time he was in attendance at the academy. The Board appeals.

I. The statutes providing for soldiers' bonus for World War II veterans are contained in chapter 35A, Code, 1950. It is enough to say they provide for the payment of "service compensation" to Iowa residents "who served on active duty, in the armed forces of the United States," based upon the number of months "such person was in active domestic [or foreign] service" prior to December 31, 1946. Section 35A.4, Code, 1950.

That plaintiff met the residence requirements of the statute is not questioned. And, as a cadet at the academy, plaintiff was in the military service in the armed forces of the United States.

Section 2 of 10 U. S. C. A. providing for the composition of the Army of the United States provides: "The Army of the United States shall consist of the Regular Army * * *."

Section 4 of 10 U. S. C. A. providing for the composition of the Regular Army states: "The Regular Army of the United

States shall consist of * * * the professors and cadets of the United States Military Academy * * *."

The cadet is to sign articles "by which he shall engage to serve eight years unless sooner discharged." 10 U. S. C. A., section 1101. He is subject "at all times to do duty in such places and on such service as the President may direct." 10 U. S. C. A., section 1102. For cases holding cadets and midshipmen at the U. S. Military and Naval Academies are serving in the armed forces of United States see State ex rel. Griffith v. Davis, 114 Kan. 270, 217 P. 905, and Bandy v. Mickelson, S. D., 44 N.W.2d 341, 22 A. L. R.2d 1129.

II. We do not understand the Board contends that plaintiff was not serving "in the armed forces of the United States" when a cadet at the academy. The Board argues he was not on "active duty" during the period of his attendance at the academy as that term is defined in our statute. Section 35A.5, Code, 1950, provides as follows:

"Active duty in the armed forces of the United States shall include all time for which credit is received in the computation of terminal leave, including such leave time as provided for by federal statutes, including Armed Forces Leave Act of 1946* [60 Stat. L. 963], and attendance at an armed forces school including such schools conducted at a college, university, or similar institution of learning, but shall exclude time pursuing a course of instruction in a college, university, or other institution of learning as a duly enrolled student."

Plaintiff contends that when he was a cadet he was in "attendance at an armed forces school" and thus within the specific inclusion of the statute defining active duty. The Board contends that plaintiff, when in attendance at the academy, was merely pursuing a course of instruction in an institution of learning as a duly enrolled student, and within the specific exclusion of the statute defining active duty.

The trial court held the U. S. Military Academy at West Point was an "armed forces school" within the meaning of the above statute and we agree with this conclusion. As previously pointed out, the cadets and professors at the academy are mem-

bers of the regular army. The entire supervision and charge of the academy was, at the time of plaintiff's attendance, in the War Department under such officer or officers "as the Secretary of War may assign to that duty." 10 U. S. C. A., section 1041. The cadets are arranged into companies, commanded by army officers for military instruction and they are taught and trained in all of the duties of a private soldier, noncommissioned officers and officers. 10 U. S. C. A., section 1105. It is true the cadets receive instruction in general branches of learning and, since 1937, the superintendent of the academy has had power to confer the degree of Bachelor of Science. But there are many other service schools, which the Board admits would be armed forces schools under our statute, such as those provided in 10 U. S. C. A., chapter 28, where military and naval personnel receive specialized training in numerous military arts and also instruction in English and history and even vocational training designed to increase the student's military efficiency and better equip him for civilian life. It is clear that the legislature did not intend to exclude from its benefits all who might receive some educational training while serving in the armed forces.

The Board argues the federal statutes are not controlling and our legislature had a right to say who should qualify for a bonus, and our legislature has specifically excluded those pursuing a course of instruction in a college, university or other institution of learning as a duly enrolled student. The Board points out the academy is similar to other colleges and universities; offers a degree of Bachelor of Science, and that it is duly accredited by the American Association of Universities. But the statute also specifically *includes* those in attendance "at an armed forces school." It would seem to us the interpretation of this phraseology should be settled by the federal statutes controlling the school, but we feel our interpretation would be strengthened if left to popular conception. Surely the lay mind, giving the words "armed forces school" their usual and ordinary meaning, would include the United States Military Academy at West Point. The exclusion in the last part of the statute would seem to apply in those cases where students in colleges and universities were inducted into the service but

permitted to remain as enrolled students to complete such courses as medicine, dentistry or some other course. There the primary purpose would be the completion of an education and the military service would be secondary while the student attended the college or university.

A consideration of all of the federal statutes governing the academy, only a few of which we have enumerated, clearly shows it is primarily a military school and secondarily a school of general education. In the instant case the plaintiff spent many months of his cadet years in basic military training at Pine Camp, New York, and air force training at Brady, Texas, and Stewart Field, Newburgh, New York. All of his training as a cadet was designed to qualify him for a commission in the United States Army. The statute provides that active duty shall include "attendance at an armed forces school." We hold the U. S. Military Academy at West Point is an armed forces school, within the meaning of that term in our statute. The trial court was right in holding plaintiff was on active duty during the years he was a cadet at the academy. The cause is affirmed.— Affirmed.

SMITH, C. J., and BLISS, OLIVER, WENNERSTRUM, HAYS, and THOMPSON, JJ., concur.

GARFIELD and LARSON, JJ., take no part.