AERO MAYFLOWER TRANSIT COMPANY, Inc., a Corporation, North American Van Lines, Inc., a Corporation, Plaintiffs,

v.

Charles F. CARPENTIER, Secretary of State of the State of Illinois, Defendant.

No. 2545.

United States District Court
S. D. Illinois, S. D.
Oct. 10, 1958.

Martz, Beattey & Wallace, Indianapolis, Ind., Montgomery S. Winning, Giffin, Winning, Lindner & Newkirk, Springfield, Ill., for plaintiffs.

Samuel H. Young, Sp. Asst. Atty. Gen. of Illinois, for defendant.

MERCER, Chief Judge.

The plaintiffs are Indiana Corporations and Common Motor Carriers engaged in the interstate transportation of household goods between all points and places in the United States, operating under and pursuant to authority issued by the Interstate Commerce Commission. The defendant, Charles F. Carpentier, is the Secretary of State of the State of Illinois and a citizen and resident thereof and is vested with administrative powers, duties and jurisdiction for the administration of the Illinois Motor Vehicle Law, Ill.Rev.Stat.1957, c. 95½, § 1–101 et seq., including the duty and authority to grant reciprocity to out-of-state motor vehicles operating within the State of Illinois and to make reciprocity agreements with the various states throughout the United States, including the State of Indiana. The jurisdiction of this Court is invoked by reason of diversity of citizenship and this proceeding is for declaratory judgment and injunctive relief under Title 28, Sections 2201–2202 of the United States Code.

On the 15th day of December, 1955 the defendant entered into a "Reciprocal Agreement" with the Reciprocity Commission of the State of Indiana, the agreement being made under the then existing Illinois Motor Vehicle Law by authority thereby vested in the defendant as Secretary of State, and was continued in force by reason of the present "Illinois Motor Vehicle Law."

The plaintiffs in the conduct of their business as common motor carriers enter into long time lease agreements with the owner-operators of tractors, whereby

said owner-operators agree to use and operate their tractors in the service of plaintiffs and to pull plaintiffs' vans in interstate commerce in connection with plaintiffs' business which includes operations into and through the State of Illinois. The defendant, as Secretary of State, of the State of Illinois, pursuant to the Illinois Motor Vehicle Act, in granting reciprocity to those operating motor vehicles into and through the State of Illinois, requires that plaintiffs make application on prescribed forms under specific instructions and as evidence that application has been made the defendant issues "Illinois Reciprocity Plates" for each vehicle granted reciprocity and operating into or through the State of Illinois. Vehicles which do not bear said plates are considered as being not entitled to reciprocity and the agents and officers of the defendant have arrested the operators thereof for alleged violation of the Illinois Motor Vehicle Law.

The plaintiff, Aero Mayflower Transit Company, Inc., in January and March of 1958, made application to the defendant for reciprocity privileges for approximately 800 units of equipment under lease to said plaintiff. In January and April of 1958, the plaintiff, North American Van Lines, Inc., made application to said defendant for reciprocity privileges for approximately 600 units of equipment under lease to said plaintiff. The applications of these plaintiffs were returned with instructions that application for reciprocity would have to be made by the owners-lessors of each tractor in the name of the owner-lessor, and that reciprocal privileges were not extended to the plaintiffs herein. The plaintiffs contend that the denial of reciprocity to them is contrary to the laws of the State of Illinois and contrary to the terms and conditions of said reciprocity agreement and is discriminatory against the plaintiffs in that other common motor carriers that lease equipment from owner-operators are permitted to operate into and through the State of Illinois and are granted reciprocity.

Section 21 of the Reciprocal Agreement between the States of Illinois and Indiana, provides as follows:

"That each of the contracting parties of either state agree when a question as to whether reciprocity will be granted to the other state operator on a questionable case, that the final decision be left to the determination of the administrators of the two states."

Pursuant to this Section, the plaintiff, Aero Mayflower Transit Company, on the 23d day of April, 1958, addressed Robert L. McMahan, Chairman of the Indiana Reciprocity Commission, appealing for a determination of their rights under Section 21 of the Reciprocity Agreement. Thereafter, on the 5th day of May, 1958, Mr. McMahan addressed the defendant as Secretary of State of the State of Illinois, advising of the appeal of plaintiff, Aero, and suggested that Section 21 be followed and further suggested that a meeting was necessary between the administrators of the two states. Subsequent thereto the same Mr. McMahan forwarded a telegram to the defendant in which the request for action under Section 21 be determined.

The complaint alleges that the defendant has denied the plaintiffs' rights to a hearing under Section 21 and has refused and resisted the attempts of the Indiana authorities to resolve the matter concerning the rights of plaintiffs to reciprocity and allege that the defendant will continue to resist and refuse to permit plaintiffs to have their rights determined by a joint session of the administrators and will arbitrarily and unlawfully interfere with the operations of plaintiffs into and through the State of Illinois. The complaint further alleges that during the month of July, 1958, plaintiffs' contract truckmen bearing Indiana license plates and operating on the highways of Illinois in interstate commerce, were stopped, arrested, charged with unlawful operations, convicted and fined, and that the free flow of interstate commerce is being seriously jeopardized if such enforcement is continued and

that the acts of the defendant herein are seriously jeopardizing the investment of these plaintiffs in their business.

The plaintiffs seek a temporary restraining order and a temporary restraining order has been entered by the Court. The complaint seeks a declaratory judgment and after a full hearing asks that the Secretary of State of the State of Illinois be enjoined from prohibiting vehicles owned and/or leased by plaintiffs and operated in interstate commerce and legally registered in the State of Indiana, from traversing the highways of the State of Illinois.

The defendant has filed a motion to dismiss the complaint, the principal grounds being that the complaint involves taxation and revenue of the State of Illinois; secondly, that the proper determination of whether or not a particular vehicle is entitled to reciprocity should be determined in a court of law where there is an adequate remedy where questions of fact may be determined; thirdly, that the complaint should be dismissed because the complaint shows on the face thereof that the plaintiffs have made application for reciprocity permits from an administrative agency of the State of Illinois and they are therefore, entitled to Administrative Review of any denial of such permits pursuant to the laws of the State of Illinois.

The Court is of the opinion there is no merit to the first two contentions. This case does not involve directly the question of taxation and revenue and does not involve the question of adequacy of remedy. There is merit to the contention that there is provision for an administrative review. It is necessary for the Court to determine whether or not the plaintiffs have exhausted their administrative remedies as provided by the Reciprocity Agreement.

Section 21 of the Reciprocity Agreement provides as follows:

"That each of the contracting parties of either state agree when a question as to whether reciprocity will be granted to the other state operator on a questionable case, that the final decision be left to the determination of the administrators of the two states."

There can be little question that the facts of this case disclose that a questionable case is involved. Plaintiffs recognize this provision but contend that they have made every effort to obtain a review by the administrators of each state but have failed because the Illinois Secretary of State has refused and resisted the attempts of the Indiana authorities to resolve the matter and charge that the defendant, Charles F. Carpentier, will continue to resist and refuse to permit plaintiffs to have their rights determined by a joint session of the administrators as provided in the agreement.

It is true that Mr. Robert L. McMahan, Chairman of the Reciprocity Commission, on the 5th day of May, 1958, addressed a letter to the Illinois Secretary of State requesting a consideration of the matter at the next meeting of the administrators. Subsequent thereto, McMahan also sent a telegram to Carpentier, among other things, stating "Section 21 of this Agreement (meaning the Reciprocity Agreement) provides in questionable cases that the administrators of both states are to determine the final decision. Request you withhold any arrests of operators of these Companies' vehicles until you can meet with this Commission to reach a mutual and final decision concerning these Companies' rights." In support of the motion to dismiss, Mr. Carpentier, the Illinois Secretary of State, by way of affidavit states that a meeting was had with representatives of plaintiff companies and other representatives of the household moving industry and in said meeting a request was made that the Secretary of State continue reciprocity in regard to household goods movers on the basis of the residence of the operator-owner. This affidavit is of no force in excusing the defendant from meeting with the Indiana Administrator, but it does have force in resolving the question as to

whether the Illinois Secretary of State is acting in a capricious manner. In the same affidavit Mr. Carpentier admits that the present agreement between the State of Illinois and the State of Indiana is ambiguous and that the Secretary of State has different interpretations of some of the provisions than does the State of Indiana. He further states that "he intends to either negotiate a new agreement with the State of Indiana or to submit a Declaration of Reciprocity to the State of Indiana setting out the reciprocal benefits to be extended to the State of Indiana in the very near future." In this connection it should be observed that good intentions without action are meaningless, but these intentions go to the question of exhaustion of the remedies under the agreement and also to the question as to whether the Secretary of State is acting arbitrarily and capriciously in a refusal to meet with the Indiana Administrator. The Court is of the opinion that arbitrariness and capriciousness is not shown and is of the further opinion that plaintiffs have not exhausted their remedies as provided by the agreement.

■ Involved herein is reciprocity between two great states of the Midwest, involving the highways of both states in a gradually expanding traffic. The Secretary of State under Illinois law has many complex problems. He must determine whether or not a particular motor vehicle when travelling on Illinois highways is entitled to reciprocity. This involves a determination of questions of fact, including the residence of the owner, the residence of the operator, the weight carried on the vehicle, the movement of the vehicle and many other questions. He must estimate the scope and appraise the effects of reciprocity and consider them along with the advantages gained by Illinois vehicles travelling upon the roads of sister states. His complex task requires extensive facilities, expert judgment and considerable knowledge. The Court should not interfere unless the public officer charged with all these duties is arbitrary and ca-

pricious in his conduct. The Court does not consider that such a showing is made in this case. The remedies sought by plaintiffs cannot be invoked unless a clear violation of some provision of law or a failure to observe and carry out the procedure provided by the agreement is shown. The Court should interfere only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is pre-emptory. The presumption of validity attends official action and the burden of proof to the contrary is upon those who challenge the action. Courts have no general supervisory power over the executive branches or over their officers which may be invoked by the writ of injunction. When the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with unless it is clearly wrong and the official action arbitrary and capricious. Generally speaking, when an administrative remedy is available it must be exhausted before judicial relief can be obtained by writ of injunction or otherwise. In this case the administrative remedy has not been exhausted, therefore, a jurisdictional requirement is lacking.

Further discussion is not necessary. However, the Court feels constrained to add that good faith upon the part of the Secretary of State of the State of Illinois requires that he follow the provisions of Section 21 of the Reciprocal Agreement; that he meet with the Indiana Administrator and that a final decision be determined by the administrators of the two states. This Court has taken into consideration the expressed intention of the Secretary of State to meet with the Indiana Administrator as contained in the affidavit filed in support of the motion to dismiss. A refusal upon the part of the Secretary to act in the spirit of this provision could and would place the Secretary of State in a position of acting arbitrarily and capriciously. In that event jurisdiction could be invoked. It would appear to be a case of

utmost necessity that the provisions of Section 21 be recognized.

In conformity with the views expressed herein it is the order of the Court that the complaint for declaratory judgment and injunction be and the same is hereby dismissed.