CHANDER P. BHALLA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83128. Filed October 7, 1960.

**14**

*Chander P. Bhalla, pro se.*
*Lester R. Uretz, Esq.,* for the respondent.

PIERCE, *Judge:* The respondent determined a deficiency of $220, in the income tax of petitioner for the year 1957.

The sole issue for decision is whether the amount of $1,575 which petitioner received from the University of Tennessee in the taxable year, as a stipend for "a graduate research assistantship," is excludible from his gross income under section 117 of the 1954 Code.

FINDINGS OF FACT.

Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by reference.

Petitioner is a citizen of India, who came to the United States in 1956 for the purpose of securing a degree of doctor of philosophy in physics at the University of Tennessee, and for training at that university in problems relating to nuclear physics. He was at all times material a candidate for such degree at said university. He filed his individual income tax return for the taxable year, with the district director of internal revenue at Nashville, Tennessee.

In 1956, the National Science Foundation which is a Federal agency of the Department of Health, Education, and Welfare, made a grant of $19,700 to the University of Tennessee for support during a period of approximately 2 years, of research in "Multiple Meson Production in Energetic Collisions of Nucleons." Such research was in the field of pure, rather than applied, physics; and there was practically no possibility of any patents resulting therefrom.

After the university had obtained such grant, it made an arrangement with petitioner to conduct research studies relating to the grant, under "a graduate research assistantship"; and it allowed petitioner a stipend of $175 per month for the 9-month period from January through September 1957.

Equivalent research was required by the university of all candidates for the particular degree for which petitioner was a candidate. Petitioner would have been required to complete such a research assignment as a condition to receiving said degree, even if no stipend had been allowed to him. The University of Tennessee gave petitioner credit toward such degree, for the research and study that he performed under the above-mentioned graduate research assistantship.

There was one other graduate student besides petitioner who did similar research work at the University of Tennessee on the National Science Foundation project; and this student likewise was allowed a monthly stipend by the university. In addition, there were four or five graduate and undergraduate students working on the project, who were paid by the university on an hourly basis.

The university charged petitioner's stipend against the grant which it had received from the National Science Foundation. Also, it withheld income tax from the stipends of petitioner, and reported the same to the Internal Revenue Service on Form W-2.

Petitioner completed his research assignment in September 1957, and thereafter was not associated with the project. The university however continued with research on the project after petitioner had completed his assignment.

In his 1957 income tax return, petitioner claimed an exclusion from gross income, under section 117 of the 1954 Code, for the total stipend of $1,575 which he had received in the taxable year from the University of Tennessee. Respondent, in his notice of deficiency, disallowed such exclusion.

The primary purpose of the research and study which petitioner conducted under said graduate research assistantship, and for which he was allowed the stipend here involved, was the furtherance of his training and education; and the same was not conducted by him primarily for the benefit of the grantor of the stipend.

OPINION.

Section 117 of the 1954 Code contains the statutory provisions which are here controlling; and the material portions of this section are set forth in the margin.[1] This section was new in the 1954 Code, and

---

[1] SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS.
   (a) GENERAL RULE.—In the case of an individual, gross income does not include
     (1) any amount received—
       (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or
       (B) as a fellowship grant,
   including the value of contributed services and accommodations; and
     (2) any amount received to cover expenses for—
       (A) travel,
       (B) research,

there is no comparable provision in the 1939 Code. The legislative committee reports relating to the same,[2] indicate that the purpose of the section was to provide rules for determining the extent to which the amounts of scholarship and fellowship grants are includible in gross income; and the Senate Finance Committee report shows that this committee not only added to the House bill the final sentence of paragraph (b)(1) of said section, but also made the following comment respecting the same:

A new sentence has also been added at the end of paragraph (1). It provides that if teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph. The purpose of this provision is to make clear that services which constitute a part of the regular curriculum, or of the regular course of study leading to a particular degree, are not within paragraph (1). For example, if all candidates for a particular education degree are required, as a part of their regular course of study, to perform part-time practice teaching services, such services are not regarded as part-time employment for purposes of section 117(b)(1).

Section 1.117–3 of the Income Tax Regulations pertaining to the above-mentioned statute, defines the term "scholarship," in part as follows:

A scholarship generally means an amount paid or allowed to, or for the benefit of, a student, whether an undergraduate or a graduate, to aid such individual in pursuing his studies. * * *

Also the respondent, in a well-prepared brief herein, reached the following conclusion, after an extended review of the regulations and all pertinent administrative rulings [3] which appeared to have a bearing on the subject:

(C) clerical help, or
(D) equipment,
which are incident to such a scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient.
(b) LIMITATIONS.—
(1.) INDIVIDUALS WHO ARE CANDIDATES FOR DEGREES.—In the case of an individual who is a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph.
[2] H. Rept. No. 1337, 83d Cong., 2d Sess., pp. 17, A37; S. Rept. No. 1622, 83d Cong., 2d Sess., pp. 17, 188.
[3] Rev. Rul. 58–498 (1958–2 C.B. 47); Rev. Rul. 58–322 (1958–1 C.B. 59); Rev. Rul. 58–76 (1958–1 C.B. 56); Rev. Rul. 57–522 (1957–2 C.B. 50); Rev. Rul. 57–127 (1957–1 C.B. 275); Rev. Rul. 56–419 (1956–2 C.B. 112).

It is apparent from the above cited regulations and rulings that whether a payment qualifies as a scholarship or fellowship grant excludable from gross income under section 117 of the 1954 Code *depends upon whether the primary purpose of the payment is to further the education and training of the recipient or whether the primary purpose is to serve the interest of the grantor.* The problem is usually somewhat difficult of solution because of the fact that in most of the situations there is a dual or mutual benefit involved. *The question of necessity must be resolved on a factual basis and depends upon the facts and circumstances in each particular case.* [Emphasis supplied.]

We agree with this conclusion.

We are convinced, from our consideration and weighing all of the evidence in the instant case, that the stipend of $175 per month which the University of Tennessee allowed to petitioner in connection with his "graduate research assistantship," qualifies as a "scholarship" within the meaning of section 117 of the Code and section 1.117–3 of the Income Tax Regulations; and we are convinced also that the primary purpose of the petitioner's research and studies pursuant to said graduate research assistantship was the advancement of petitioner's training and education, rather than the rendering of services for benefit of the grantor of such stipend. We conclude that the present situation falls directly within the letter, the spirit, and the intent of the above-mentioned last sentence of section 117 (b) (1) ; and that petitioner is entitled to exclude his stipend from gross income.

There are at least five decided cases which involved the construction and application of section 117. *Aileene Evans,* 34 T.C. 720; *Ethel M. Bonn,* 34 T.C. 64; *Frank Thomas Bachmura,* 32 T.C. 1117; *Norman R. Williamsen, Jr.,* 32 T.C. 154; *Wrobleski* v. *Bingler,* 167 F. Supp. 901 (W.D.Pa.). In the *Bonn, Bachmura,* and *Williamsen* cases, the claimed exclusions from gross income were denied; but we regard all of these cases to be factually distinguishable from the instant case. In the *Evans* and *Wrobleski* cases, on the other hand, the claimed exclusions from gross income were allowed; and, although the facts in each of these cases differ materially from the facts in the instant case, we regard the reasoning applied in deciding such cases to be in accord with our conclusion herein.

We attach no significance to the fact that the University of Tennessee made withholdings of income tax with respect to the stipend. The evidence indicates that the university attempted, without conclusive result, to determine how the stipend should be treated for income tax purposes; and in such situation, it may well have acted with an abundance of caution, in order to safeguard itself against possible charges or penalties for failure to perform its duty in a field where the law was not clearly defined. Such exercise of caution could do no harm to petitioner for, if the withholdings were erroneous, suitable adjustment could be claimed by petitioner on his return, as was

actually done. See to the same effect *George I. Stone*, 32 T.C. 1021. We decide the present issue in favor of the petitioner.

*Decision will be entered for the petitioner.*