OPINION Turner, Judge: By section 117(a) of the Internal Revenue Code of 1951,[2] it is provided that in “the case of an individual, gross income does not include * * * any amount received at an educational institution (as defined in section 151(e)(4)), or * * * as a fellowship grant.” By section 117(b) (1),[3] it is provided that in the case of an individual who is a candidate for a degree at an educational institution, “subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or fellowship grant.” If, however, the “teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph.” As sustaining his position, petitioner cites and relies on Chander P. Bhalla, 35 T.C. 13. Patently, Bhalla is not this case. Bhalla was a candidate for a degree, as was petitioner here, but there, unlike the instant case, the research for which Bhalla received his grant was required of all candidates for the degree Bhalla was seeking. Not only did he receive credit toward his degree for the research done, but he would have been required to complete the research assignment as a condition to receiving the degree even if he had had no grant. Thus the grant to Bhalla was within the second sentence of section 117 (b) (1). Section 117 (a) was applicable and the payments received by him under the grant were not includable in his gross income. In the instant case, as noted, petitioner likewise was a candidate for degree and the performance of the research was required of him as a condition to his receiving the grant. He does not contend otherwise. On the other hand, the research so required of him was not required of all candidates for the degree he was seeking as a condition to receiving such degree so as to make the second sentence of section 117(b) (1) applicable, as in Bhalla, and petitioner received no credit toward his degree for the research done. Compare also Doris Wells, 40 T.C. 40. It follows, we think, that the limitation appearing in the first sentence of section 117(b) (1) applies, and the payments received by petitioner are not to be excluded from his gross income under section 117 (a). It is the contention of the petitioner, however, that the primary purpose of the grant was to further his education and training and that under the reasoning in Bhalla, the limitations of section 117 (b) (1) do not apply. Even if we should accept as sound the proposition that regardless of the expressed limitation in section 117(b) (1) and the presence of facts bringing a case within those limitations, that section is not to apply if the purpose of the grant was primarily to further the education and training of a person engaging in the research, we would still be unable to find that such was the primary purpose of the grant to petitioner. We did have in the course of petitioner’s testimony assertions and statements of conclusions to the effect such was the primary purpose. But, on the other hand, other parts of his testimony tend to support the conclusion that the grant was not sought and acquired primarily for the purpose of furthering his education and training, but primarily to enable him to earn the money needed for his medical school instruction looking to a degree in medicine, in respect of which the research engaged in by him was not required and for which he received no credit. Petitioner was his only witness. He did not offer the testimony of either Dr. Proud or of any others having to do with the procuring of the grant as to their purpose in so doing. Decision will be entered for the respondent. SEC. 117. SCHOLARSHIPS AND EELLOWSHIP GRANTS. (a) General Rule. — In the case of an Individual, gross Income does not Include— (1) any amount received— (A) as a scholarship at an educational institution (as defined in section 151(e) (4)), or (B) as a fellowship grant, including the value of contributed services and accommodations; and (2) any amount received to cover expenses for— (A) travel, (B) research, (C) clerical help, or (D) equipment, which are incident to such a scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient. SEC. 117(b). Limitations.— (1) Individuals who are candidates roe degrees. — In the case of an individual who is a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving tie scholarship or fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph.