CHARLES P. IDE AND MARTHA M. IDE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 92367. Filed July 5, 1963.

Charles P. Ide, pro se.
*Crane C. Hauser*, for the respondent.

#### OPINION

FAY, *Judge:* The respondent determined a deficiency in the petitioners' income tax for the year 1958 in the amount of $180.01.

The only issue for decision is whether payments by the U.S. Navy Department of $1,500 for tuition and books under the Naval Reserve Officers' Training Corps program on behalf of petitioners' son Charles H. Ide (hereinafter referred to as Charles), a student at Cornell University, must be considered a part of his total support in determining whether the petitioners provided more than one-half of his support.

All of the evidentiary facts are stipulated and are found as stipulated.

The petitioners are husband and wife and reside at 675 Buhl Boulevard, Sharon, Pa. They kept their books and filed their Federal income tax return for the year at issue on the basis of a cash receipts and disbursements method of accounting. They filed their Federal income tax return for 1958 with the district director of internal revenue at Pittsburgh, Pa.

During 1958 Charles, a minor, was a full-time student at Cornell University, Ithaca, N.Y. The petitioners, by check, gave sums totaling $1,500 to Charles for his support in 1958. In addition, they furnished other sums to him amounting to $500 for uses that may or may not constitute support.

During the calendar year 1958 Charles was enrolled in the Naval Reserve Officers' Training Corps. The U.S. Navy Department paid educational expenses on his behalf as follows:

| | |
|---|---|
| Tuition and fees | $1,480 |
| Books | 20 |
| **Total** | 1,500 |

In order to qualify for these payments, Charles was required to sign a statement agreeing to serve on active duty as a naval officer for 3 years following his graduation from college. Charles did serve on active duty after his graduation, pursuant to the agreement.

As a participant in the Naval Reserve Officers' Training Corps, Charles received retainer pay of $50 a month for a period of 10 months during 1958. These payments totaled $500 and were used by Charles for his support in 1958.

During 1958 Charles participated in a naval training cruise, for which he received pay in the amount of $120. This sum also was used by him for his support in 1958. In connection with this cruise, he also received travel pay of $213.50, the use of which has not been accounted for in the record. Finally, during this cruise, Charles was furnished board and lodging by the Navy Department without cost, which is stipulated to be of a value of $112.50.

The petitioners claimed Charles as a dependent and took a dependency exemption for him on their 1958 income tax return. The respondent disallowed this exemption on the grounds that the petitioners had not provided more than one-half of his support.

The petitioners did provide more than one-half of Charles' support during 1958.

We have found that the petitioners provided support for Charles in the amount of at least $1,500 during 1958. We have found that Charles received sums or support from other sources during 1958, as follows:

| | |
|---|---|
| Tuition fees and books from U.S. Navy Department | $1,500.00 |
| Retainer pay | 500.00 |
| Pay for cruise | 120.00 |
| Travel pay | 213.50 |
| Meals and lodging in kind | 112.50 |
| Total | 2,446.00 |

Thus, if the $1,500 paid by the Navy Department for tuition and books on behalf of Charles is considered a scholarship, the petitioners have provided more than one-half of his support.

The petitioners contend that the payments by the Navy Department for tuition and books should not be considered in determining Charles' total support because these payments constitute a "scholarship" as that term is used in section 152(d) of the Internal Revenue Code of 1954, which provides as follows:

SEC. 152. DEPENDENT DEFINED.

(d) SPECIAL SUPPORT TEST IN CASE OF STUDENTS.—* * * in the case of any individual who is—

(1) a son, stepson, daughter, or stepdaughter of the taxpayer (within the meaning of this section), and

(2) a student * * * amounts received as scholarships for study at an educational institution * * * shall not be taken into account in determining whether such individual received more than half of his support from the taxpayer.

The respondent, on the other hand, contends that these payments cannot be considered as a scholarship and thus must be included in the computation of Charles' total support. We agree with the petitioners.

The term "scholarship" is not defined in the Internal Revenue Code. However, the respondent in his Regulations has defined it as follows:[1]

> SEC. 1.117–3(a) *Scholarship.* A scholarship generally means an amount paid or allowed to, or for the benefit of, a student, whether an undergraduate or a graduate, to aid such individual in pursuing his studies. * * *

Although the payments in question here seem to fall squarely within this definition, the respondent urges that they may not be considered as a scholarship because they fall within certain exceptions set forth in the regulations. These exceptions are found in subparagraphs 1.117–4 (b) and (c), which provide as follows:

> Sec. 1.117–4  Items not considered as scholarships or fellowship grants.
>
> The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117:
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> (b) *Allowances to members of the Armed Forces of the United States.* Tuition and subsistence allowances to members of the Armed Forces of the United States who are students at an educational institution operated by the United States or approved by the United States for their education and training, such as the United States Naval Academy and the United States Military Academy.
>
> (c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.* (1) * * * any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.
>
> (2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.

These provisions of the regulations are further qualified, however, by the language which follows them, which states:

> However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purpose does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. Neither the fact that the recipient is required to furnish reports of his progress to the grantor, nor the fact that the results of his studies or research may be of some incidental benefit to the grantor shall, of itself, be considered to destroy the essential character of such amount as a scholarship or fellowship grant.

---

[1] Sec. 1.152–1(c) of the Income Tax Regulations refers to sec. 1.117–3(a) as containing the definition of the term "scholarship" to be used for the purposes of sec. 152(d).

Thus, in *Chander P. Bhalla*, 35 T.C. 13 (1960), in holding that the amount received by the petitioner was excludable under section 117 of the Internal Revenue Code of 1954, we indicated that the test to be applied is whether or not the primary purpose of the payment is to further the education and training of the recipient or whether the primary purpose is to serve the interest of the grantor, and that this determination must be made on the basis of the facts and circumstances of each case.

Although it may be conceded that the Navy Department initiated its program of educational grants to aid in its officer procurement program, it chose to do so by providing education to students in their individual capacity. We think that it is to this more immediate purpose, rather than to the ultimate motive, that we must look to find the "primary purpose" to be considered in determining whether or not the payments in issue constitute a scholarship. Thus, in *Aileene Evans*, 34 T.C. 720 (1960), a State provided assistance to the petitioner while she was attending a course of training in psychiatric nursing. Undoubtedly the ultimate aim of the State was to obtain assistance in its mental health program either at hospitals operated by the State or at other hospitals. However, it chose to accomplish this by providing education to individuals. We found that the payments involved in that case constituted a scholarship.

It is apparent that the education involved in the present case is a basic college education and not specific training for any duties to be performed for the Navy. Thus, the primary benefit of this education would accrue to Charles personally by improving his ability generally no matter for whom he might work in the future. Since the primary benefit of this education accrues to Charles in his individual capacity, we think that the primary purpose of the payment was to bring about this result and, therefore, that the primary purpose of the payment was to further the education of Charles. The fact that the Navy would also benefit incidentally by obtaining an officer with a college level of education would not destroy the essential character of the payment as a scholarship.

We think that this interpretation is in accord with the intent of Congress in enacting subsection 152(d). It appears that Congress intended that the term "scholarship" as used in that subsection should be given a broad interpretation because in the report of the House Ways and Means Committee, H. Rept. No. 1337, 83d Cong., 2d Sess., p. A43 (1954), in explaining section 152(d) the committee added after the word "scholarship" the parenthetical phrase "(from whatever source derived and however paid)." The same language is also found at page 195, Report of the Committee on Finance, S. Rept. No. 1622, 83d Cong., 2d Sess. (1954).

The educational payments here were made primarily to permit Charles to complete his studies and were not compensation for services. Here, as in *Aileene Evans, supra,* Charles was undoubtedly entitled to full pay and allowances for any services performed for the grantor as an employee after graduation. The fact that Charles agreed to render some future services for the benefit of the grantor would not, standing alone, require that the educational payment be treated as compensation for services rather than as a scholarship. *Aileene Evans, supra.*

Therefore, we conclude that the petitioners did provide more than one-half of Charles' support for the year in issue and are entitled to a dependency exemption with respect to him.

Reviewed by the Court.

*Decision will be entered for the petitioners.*