**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Charles P. IDE and Martha M. Ide, Respondents.**

**No. 14761.**

United States Court of Appeals Third Circuit.

Argued April 14, 1964.

Decided July 15, 1964.

J. Edward Shillingburg, Dept. of Justice, Tax Div., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on the brief), for petitioner.

Charles P. Ide, and Martha M. Ide, pro se.

Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and KIRKPATRICK, District Judge.

HASTIE, Circuit Judge.

On this appeal we review a decision of the Tax Court which held, reversing a ruling of the Commissioner, that there was no deficiency in the taxpayers' income tax return.

In their 1958 income tax return, the taxpayers, who are husband and wife, claimed their son, an undergraduate student at Cornell University, as a dependent and took an exemption for him. The Commissioner disallowed this exemption, ruling that the taxpayers had not provided more than half of the cost of their son's support. In determining the total cost of the student's support, the Commissioner included financial assistance he received from the Navy Department in connection with his enrollment in the "regular" Naval ROTC[1] program: $1500 for general college tuition and $620 for naval retainer and active duty pay. The taxpayers contend and the Tax Court decided that the $1500 general tuition grant should have been excluded from the calculation of support. If they are correct in this, the taxpayers supplied more than half of their son's support and are entitled to the claimed exemption. This is the only issue on this appeal.

Section 152(d) of the 1954 Internal Revenue Code provides that "amounts received as scholarships for study at an educational institution * * * shall not be taken into account in determining whether such individual received more than half of his support from the taxpayer". Section 1.117–3(a) of the Treasury Regulations on Income Tax (1954 Code), 26 C.F.R., sec. 1.117–3—expressly made applicable to our problem by section 1.152–1(c) of the Treasury Regulations—defines scholarship as "an amount paid or allowed to, or for the benefit of, a student, whether an undergraduate or a graduate, to aid such an individual in pursuing his studies".

Thus, the statute and the regulation defining "scholarship" seem on their face

---

[1] Students enrolled in the "regular" NROTC program are appointed Midshipmen Naval Reserve, and upon completion of their course are commissioned as career officers, with the privilege of resignation after a specified period of active duty. Art. 301, N.R.O.T.C.Reg. (1960), 32 C.F.R. 711.301.

to cover this case and to sustain the taxpayers' position. However, section 1.-117–4 of the Regulations specifies certain items that "shall not be considered as amounts received as scholarship * *." Among these exceptions are the following:

"(b) *Allowances to members of the Armed Forces of the United States.* Tuition and subsistence allowances to members of the Armed Forces of the United States who are students at an educational institution operated by the United States or approved by the United States for their education and training, such as the United States Naval Academy and the United States Military Academy.

"(c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.* * * *

"(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.

"However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purpose does not represent compensation * * *."

 We first consider the above quoted subsection (b). It is not clear whether a college student who is at the time a "regular" ROTC enrollee, is to be regarded as a "member of the armed forces" in the context of this regulation, or whether only persons in active service are contemplated. However, it is not necessary to decide that question. For we think the regulation is so worded as to make it inapplicable to the conventional liberal arts college or university such as Cornell.

In terms, the regulation applies only to tuition at "an educational institution * * * approved by the United States for [the] * * * training [of members of the armed forces], such as the United States Naval Academy and the United States Military Academy". The only possible purpose or significance of the concluding "such as" phrase is to define restrictively the type of institution to which subsection (b) is applicable. As an aid to the rational construction of such language as this, the rule of *ejusdem generis* is most clearly appropriate. See Kay v. Cain, 1946, 81 U.S.App.D.C. 24, 154 F.2d 305: In re Bush Terminal Co., 2d Cir. 1938, 93 F.2d 659.

 Thus, the decisive question here is whether Cornell University is within the category of "educational institution[s] * * * such as the United States Naval Academy and the United States Military Academy". Logically, a class of institutions exemplified by the Naval Academy and the Military Academy is a category of special schools in which student life is organized after the military pattern and preparation for military or naval service is a primary mission of the institution.[2] That category does not include the ordinary liberal arts college which is not a miliary school, although a relatively minor part of a student's educational program may be in the area of military or naval science and tactics under an ROTC program. We conclude, therefore, that subsection (b) of section 1.117–4 of the income tax regulations is inapplicable here.

The Commissioner also relies very strongly upon subparagraph (c) (2) of the same regulation which excludes from "scholarship" treatment all educational grants "to enable him [the student] to pursue studies or research primarily for

2. It may be that this category is not confined to "armed forces schools", as to which see Minnich v. World War II Service Compensation Bd., 1953, 244 Iowa 715, 57 N.W.2d 803, but we express no opinion on this point.

the benefit of the grantor". The subsection then states affirmatively that educational grants are scholarships "if the primary purpose of the studies \* \* \* is to further the education \* \* \* of the recipient in his individual capacity and the amount provided \* \* \* does not represent compensation". We observe and emphasize that under this regulation the determinative consideration is not the primary purpose of the grantor in subsidizing the student, but rather the primary purpose of and the primary benefit from the subsidized study.

It is conceded that the tuition grant in question, different from the separate allowance for active duty pay during actual naval training, is not compensation. And, in this case, the Tax Court has found that the studies financed by the Navy Department's grant of undergraduate tuition were "primarily" for the educational benefit of the student in his individual capacity, although the "ultimate motive" of the Navy Department in thus subsidizing general college education was to "aid in its officer procurement program". Moreover, the Tax Court has pointed out in this case and in others that the facts and circumstances of each case or class of cases will determine what is the primary purpose of the subsidized study. Cf. Chander P. Bhalla, 1960, 35 T.C. 13; Aileene Evans, 1960, 34 T.C. 720.

We cannot characterize the present finding on "primary purpose" as unwarranted or unreasonable, particularly since the training in question is general college education rather than any specialized study for the development of distinctive skill or competency required in naval service. Moreover, if the fact that the United States will benefit from the training in question were in itself sufficient to preclude a tuition grant from being a "scholarship", no governmental grant could qualify. For it is only to serve some public purpose that the government may expend public funds. This consideration is weighty here because a regulation which would exclude all governmental tuition grants from scholarship treatment would be vulnerable to attack as an arbitrary administrative narrowing of the comprehensive statutory mandate that "scholarships" are not to be included in the computation of the cost of a student's support. We shall not adopt an interpretation of the present regulation which might well have so questionable a consequence.

For these reasons, the decision of the Tax Court will be affirmed.