*Decision will be entered under Rule 50.*

MARY KEEGSTRA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 557–65. Filed September 21, 1967.

Mary Keegstra, pro se.
*Charles S. Stroad,* for the respondent.

### OPINION

FAY, *Judge:* Respondent determined a deficiency of $240 in petitioner's income tax for the taxable year 1963.

One issue raised in the pleadings was disposed of by agreement of the parties prior to the trial herein. The sole issue left for decision is whether petitioner is entitled to a dependency deduction under section 151(e)(1)[1] for her son, Donald.

All of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioner filed a Federal individual income tax return on the cash basis of accounting for the taxable year 1963 with the district director of internal revenue at Detroit, Mich. Petitioner was a legal resident of Grand Rapids, Mich., when she filed the petition in this case.

Petitioner's son, Donald Keegstra (hereinafter referred to as Donald), was a full-time student at Michigan State University during 1963. In that year Donald received income from wages of $977. He also received $990 from the Veterans' Administration (hereinafter referred to as the VA) under the War Orphans' Educational Assistance Act of 1956, 38 U.S.C. sec. 1701 (1964 ed.) (hereinafter referred to as the War Orphans' Act).

Without taking into consideration the payments received by Donald from the VA, petitioner provided more than one-half of his support in 1963. Taking such payments into consideration, petitioner did not provide more than one-half of his support in 1963.

In her Federal income tax return for 1963, petitioner claimed a dependency deduction for Donald under section 151(e).

In his notice of deficiency for 1963, respondent denied the dependency deduction on the ground that petitioner had not provided over one-half of Donald's support.

The term "dependent," as defined in section 152(a), includes a child of a taxpayer if the taxpayer provides over half of the child's support during the taxpayer's taxable year. Section 152(d) sets out a special support test in the case of a child who is a student. It provides that:

amounts received as scholarships for study at an educational institution * * * shall not be taken into account in determining whether such individual received more than half of his support from the taxpayer.

Because of the parties' stipulation, the narrow question for decision is whether payments received by Donald under the War Orphans' Act and used for his support are "scholarships" within section 152(d). If we decide the question in the affirmative, the payments are not included in computing "support" and petitioner must prevail on the dependency exemption issue. If we decide in the negative, the payments are included in "support" and respondent must prevail.

Looking at the language of section 152(d), it seems at first blush that petitioner should prevail. Because War Orphans' Act benefits are

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.

amounts given by the Government to enable the recipient to study at an educational institution, it would appear that the benefits are "scholarships" and are not to be included in computing the total amount of Donald's support in 1963. It is respondent's position, however, that War Orphans' Act benefits are not "scholarships" as that term is used in section 152(d).

In shaping his position, respondent first points out that the committee reports in connection with the original enactment of section 152(d) expressly exclude from the term "scholarships" educational benefits under the Servicemen's Readjustment Act of 1944 (58 Stat. 284 (1944),[2] hereinafter referred to as the 1944 Veterans' Act). H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. A43 (1954); S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 195 (1954). He then argues that Congress intended the benefits of the War Orphans' Act to be analogous to the educational benefits of the 1944 Veterans' Act. To support the argument, he points to a 1956 committee report which says that the benefits of the War Orphans' Act were patterned closely after the educational benefits of prior Veterans Acts and that they were to be administered through the same organization which administered the prior Veterans Acts. S. Rept. No. 2063, 84th Cong., 2d Sess., p. 5 (1956). Respondent then reasons that because Congress intended the War Orphans' Act to be analogous to the 1944 Veterans' Act, there is no logical basis for distinguishing between the tax consequences of benefits received under the two acts. He therefore concludes that benefits received under the War Orphans' Act are not "scholarships" as that term is used in section 152(d).[3]

We do not agree. It does not follow from the fact the War Orphans' Act and the 1944 Veterans' Act are analogous in types of benefits and in form of administration that educational benefits received under both are to be treated the same in all respects for tax purposes. Indeed, there is a very logical way to distinguish between them for purposes of the question at hand.

Congress included in the 1944 Veterans' Act a provision that:

In the event there shall hereafter be authorized any allowance in the nature of adjusted compensation, any benefits received by, or paid for, any veteran under this Act shall be charged against and deducted from such adjusted compensation * * * [58 Stat. 301 (1944).]

Congress thereby made it clear that benefits under the 1944 Veterans' Act, including educational benefits, were compensatory in nature.[4]

---

[2] The 1944 Veterans' Act has been amended numerous times. None of the amendments, however, are relevant to the discussion herein.

[3] Respondent's conclusion is set forth in Rev. Rul. 59–355, 1959–2 C.B. 53.

[4] It should be noted that payments under any law administered by the VA are exempt from Federal taxation. 38 U.S.C. sec. 3101 (1964 ed.).

900

Educational benefits under the War Orphans' Act are not paid to veterans. They are paid to, or for the benefit of, children of deceased or permanently disabled veterans. The War Orphans' Act was thus the first extension by Congress of educational benefits administered by the VA to people who have not served in the Armed Forces. In enacting it, Congress included a provision that:

> The Congress hereby declares that the educational program established by this chapter is for the purpose of providing opportunities for education to children whose education would otherwise be impeded or interrupted by reason of the death of a parent from a disease or injury incurred or aggravated in the Armed Forces during World War I, World War II, or the Korean conflict, and for the purpose of aiding such children in attaining the educational status which they might normally have aspired to and obtained but for the death of such parent. [72 Stat 1193 (1958)]

Congress thereby made it clear that educational benefits under the War Orphans' Act were gratuitous in nature.

In construing section 152(d), we think there is a meaningful distinction between gratuitous and compensatory benefits. Scholarships are ordinarily gratuitous, not compensatory. We therefore think that benefits under the War Orphans' Act should be included as "scholarships" under section 152(d), although benefits under the 1944 Veterans' Act concededly are not.

This view accords with existing case law. Cf. *Charles P. Ide*, 40 T.C. 721 (1963), affd. 335 F. 2d 852 (C.A. 3, 1964). It is also in line with the broad general use of the term "scholarship" in the committee reports relating to section 152(d):

> Amounts received as scholarships (*from whatever source derived and however paid*), for study at such an educational institution shall not be considered in computing whether the taxpayer furnishes one-half the support of such child. [S. Rept. No. 1622 83d Cong., 2d Sess., p. 195 (1954). Emphasis added.]

We therefore hold that amounts received by Donald under the War Orphans' Act and used for his support are "scholarships" under section 152(d). It follows that petitioner is entitled to a dependency deduction for Donald under section 151(e)(1) for the taxable year 1963.

*Decision will be entered under Rule 50.*