**Betty Jane STEWART, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 16589.

United States Court of Appeals
Sixth Circuit.

July 7, 1966.

Thomas F. Johnston, Memphis, Tenn., for plaintiff-appellant.

J. Edward Shillingburg, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee, Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on the brief, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., of counsel.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

EDWARDS, Circuit Judge.

Plaintiff-appellant, Betty Jane Stewart, received an educational grant from the Tennessee Department of Public Welfare while an employee of that department to take a year's work on a Master's Degree in social work at the University of Tennessee. Her previous salary had been $260 a month. The grant provided her with $175 a month maintenance, plus tuition and travel expense.

Relying upon Section 117 of the Internal Revenue Code of 1954,[1] Miss Stewart asserts that the $175 monthly payments were exempt from income taxes as either a "scholarship" or a "fellowship.", The Internal Revenue Department took the point of view that the $175 monthly maintenance grant was taxable as income[2] and required payment of the tax. Miss Stewart paid and sued for a refund.

In the District Court Judge Boyd affirmed the position of the Commissioner. He relied largely on the regulations published by the Internal Revenue Department which seek to define the statutory provisions:

"Sec. 1.117–3. Definitions.

"(a) Scholarship. A scholarship generally means an amount paid or allowed to, or for the beenfit of, a student, whether an undergraduate or a graduate, to aid such individual in pursuing his studies. * * *

\* \* \* \* \* \*

"(c) Fellowship grant. A fellowship grant generally means an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study or research. The term includes the value of contributed services and accommodations (see paragraph (d) of this section) and the amount of tuition, matriculation, and other fees which are furnished or remitted to an individual to aid him in the pursuit of study or research. The term also includes any amount received in the nature of a family allowance as a part of a fellowship grant. However, the term does not include any amount provided by an individual to aid a relative, friend, or other individual in the pursuit of study or research where the grantor is motivated by family or philanthropic considerations.

\* \* \* \* \* \*

"Sec. 1.117–4. Items not considered as scholarships or fellowship grants. The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117:

\* \* \* \* \* \*

(c) Amounts paid as compensation for services or primarily for the benefit of the grantor. (1) Except as provided in paragraph (a) of § 1.117–2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor. (Emphasis supplied.)

"(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor."

---

1. "§ 117. Scholarships and Fellowship Grants.

(a) General Rule.—In the case of an individual, gross income does not include—

(1) any amount received—

(A) as a scholarship at an educational institution (as defined in section 151(e) (4), or

(B) as a fellowship grant, including the value of contributed services and accommodations and * * *"

2. "§ 61. Gross Income Defined.

(a) General Definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items; * * *" Internal Revenue Code of 1954, § 61

Thus the regulation just quoted declares such grants as we deal with herein to be taxable if the grant is "compensation for past, present or future employment services" or represents study "primarily for the benefit of the grantor."

On appeal appellant relied primarily upon Evans v. Commissioner, 34 T.C. 720 (1960). In *Evans* there was a stipend of $160 per month while the petitioner attended the University of Tennessee in a psychiatric nursing course. Petitioner had signed a contract with the Tennessee Department of Mental Health undertaking to work in the field for which she was being trained for a period equivalent to the length of the training or to repay the stipend. She actually did perform the work which the contract called for.

In these respects our instant case is factually similar to *Evans*; and as appellant has pointed out, the Commissioner of Internal Revenue has accepted the *Evans* decision. Rev.Rul. 65–146, 1965 Int.Rev.Bull. No. 23.

However, in the instant case appellant in addition was an employee of the Tennessee Department of Welfare *before* the grant was made and returned to the same department afterwards. Also, during her educational leave, she retained her Tennessee Civil Service status as a member of the Department. She received credit toward retirement under the Department retirement program. Retirement benefit payments, social security and insurance payments were withheld from her state checks. The Department received progress reports concerning her which were added to her permanent file.

■ We believe that these are such indicia of "compensation for past, present or future services" as to make the instant stipends taxable. No such indicia of compensation were present in Evans v. Commissioner, supra, or in Commissioner of Internal Revenue v. Ide, 335 F.2d 852 (C.A.3, 1964), both of which cases are cited by appellant.

Factually, we believe this case is much closer to that dealt with by the Fifth Circuit in Ussery v. United States, 296 F.2d 582 (C.A.5, 1961), than to Evans v. Commissioner, supra.

■ We believe, however, that consideration of the facts as indicia of compensation for services is a more meaningful test than that of whether the stipend was primarily for the benefit of the grantors. Obviously, in all instances where an employment relationship—past or future—is involved, there is at least some mutuality of benefit. We do not believe that the Fifth Circuit in *Ussery* or the District Judge here were in error in holding that the stipend involved was primarily for the benefit of the grantor. But we prefer to base our affirmance of this case upon the fact that here the stipend was compensation for past and future services.

Affirmed.