Marjorie Schwartz v. Commissioner.
Schwartz v. Commissioner
Docket No. 5433-67.
United States Tax Court
T.C. Memo 1969-151; 1969 Tax Ct. Memo LEXIS 143; 28 T.C.M. (CCH) 762; T.C.M. (RIA) 69151; July 17, 1969, Filed Marjorie Schwartz, pro se, 475 W. 186th St., New York, N.Y. Larry Kars and Jay Hamelburg, for the respondent. 763 FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for 1965 in the amount of $973.81. The only question is whether amounts received by petitioner during 1965, while studying at the Sorbonne, are excludable from gross income as a scholarship or fellowship grant under section 117. [1]
Findings of Fact Petitioner was a legal resident of New York, New York, at the time of the filing of her petition. She filed her income tax return for 1965 *144 with the district director of internal revenue, Manhattan District, New York. Petitioner was employed by the Board of Education of Englewood, New Jersey (sometimes referred to herein as the Board of Education), as a language teacher at the Dwight Morrow High School (hereinafter referred to as the High School) continuously from 1956 to the date of the trial. Prior to February 1, 1965, she was selected by the principal of the High School to teach a new course of study entitled "Main Currents of Modern European Thinking." The course was to involve reading modern works of literature and philosophy in German, French, and Spanish, and was designed to enrich the study program of advanced language students. To prepare her for this work, petitioner was requested by the principal of the High School to take a leave of absence from teaching to study at the Sorbonne on the understanding that her salary would be continued. Petitioner and her employer understood that, upon completion of her study at the Sorbonne, she would return to her teaching position at the High School and would teach the new course for which she was to prepare. Petitioner traveled to France and studied at the Sorbonne for *145 five months, February through June 1965, taking courses mainly in French reading and in the philosophy and languages of the European countries. She was not a candidate for a degree, but, on completion of her course, she received a certificate of satisfactory completion. While petitioner was on leave from teaching at the High School, the Board of Education continued to make salary payments directly to her. The Wage & Tax Statement (Form W-2) for 1965 received by her from her employer showed total wages of $10,054. Of the payments received by petitioner in 1965, the amount of $4,845 represented the portion of her salary attributable to the five-month period while she was studying at the Sorbonne. On her 1965 income tax return, petitioner reported a total salary of $10,054 and claimed the following deductions as "Expenses for study required by employer" in connection with her study at the Sorbonne: Salary
$4,845.00
Rent - $100 X 5 months
500.00
Carfare 4 X 22
88.00
Food 6 X 154
924.00
Gas & Electricity
50.00
Books
50.00
Tuition
50.00
Supplies
25.00
Airplane Flight
483.50
Landlady
20.00
Travel through France - 12 X 45 days 540.00
Total
$7,575.50
*146 With the exception of the $4,845 salary payments, all other expenses claimed by petitioner as deductions for 1965 were allowed by respondent. The parties have stipulated that, since petitioner was not a candidate for a degree, the exclusion from gross income, if any, allowable to her under section 117 would be limited to $1,500, not the $4,845 claimed. Petitioner's study at the Sorbonne was undertaken at the request of, and primarily for the benefit of, her employer. The amounts paid to her for the five-month period while she studied at the Sorbonne represented a continuation of her salary. Opinion Section 117(a) [2] excludes from gross income any amount received "as a scholarship at an educational institution" or as "a fellowship grant." The statute does not define the terms "scholarship" and "fellowship grant," but the regulations provide that amounts representing "compensation for past, present, or future employment services," 764 and amounts "paid * * * to * * * an individual to enable him to pursue studies or research primarily for the benefit of the grantor" are not excludable as scholarship or fellowship grants. Sec. 1.117-4(c)(1), (2), Income Tax Regs.[3] The validity *147 of these regulations has recently been sustained by the Supreme Court in Bingler v. Johnson, U.S. (1969). *148 Applying the standards prescribed by the regulations to the facts of this case, it is clear that the disputed payments constitute taxable income. The evidence shows that the principal of the High School requested and, in fact, insisted that petitioner undertake a specified course of study at the Sorbonne to prepare her to teach the new course, "Main Currents of Modern European Thinking." The course was designed to implement the National Defense Education Act, and its introduction was part of an overall revision of the curriculum at the High School. Petitioner was selected to teach the course because of her educational background and teaching experience - a heavy concentration of courses in science, philosophy, and social studies, as well as the languages, German, Spanish, and French. The understanding between petitioner and the principal was that her salary would be continued, and that she would return to the High School to teach the new course upon completion of her study at the Sorbonne; [4] and, in fact, petitioner was paid her regular salary while she pursued her Sorbonne study. Her salary would not have been continued had it not been understood that she would return to teach *149 the course. Thus, her receipts from the Board of Education were compensation for "past, present, or future employment services." The payments were made to her by the Board of Education "primarily for [its] benefit," i.e., in the "self-interest" of her employer. Ussery v. United States, 296 F. 2d 582, 585 (C.A. 5, 1961). In every practical sense the Sorbonne study was merely teacher training financed by the Board of Education and undertaken by petitioner as part of her employment. [5]
*150 In our view, the disputed payments received by petitioner for the period February through June 1965 were not a scholarship or fellowship grant but were taxable income. Bingler v. Johnson, supra; Ussery v. United States, supra; Stewart v. United States, 363 F. 2d 355 (C.A. 6, 1966); Elmer L. Reese, Jr., 45 T.C. 407 (1966), affirmed per curiam 373 F. 2d 742 (C.A. 4, 1967). Decision will be entered for the respondent. 765 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule. - In the case of an individual, gross income does not include - (1) any amount received - (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or (B) as a fellowship grant, including the value of contributed services and accommodations; and * * * ↩
3. § 1.117-4 Items not considered as scholarships or fellowship grants. The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117: * * * (c) Amounts paid as compensation for services or primarily for the benefit of the grantor. (1) Except as provided in paragraph (a) of § 1.117-2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor. (2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor. * * *↩
4. Petitioner testified as follows with respect to her study at the Sorbonne: Q. There was no increase or decrease in the amount of your salary during this time? A. No. Q. The course taken at the Sorbonne was primarily for the benefit of the school then? A. I would say so, yes. * * * Q. I take it there is a definite understanding that after you took this course at the Sorbonne you were to return to the Dwight Morrow High School to teach a special course. A. It was understood. Yes. Q. There was no written type of agreement, it was just understood between you and the principal? A. It was understood I was coming back, they were preparing for it. ↩
5. Commenting on the legislative history of section 117, the court in Ussery v. United States, 296 F. 2d 582, 586 (C.A. 5, 1961), said: In the case of a person granted leave from his regular employment to study while the employer continues to pay him his regular salary, both Committees would tax these payments when the education is in effect employee training sponsored by the grantor and undertaken by the employee as part of his employment.↩