*Decision will be entered under Rule 50.*

MARJORIE E. HALEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6431–67.    Filed March 26, 1970.

*Charles M. Johnson,* for the petitioner.
*Stephen E. Silver* and *Gary C. Randall,* for the respondent.

644

(blacked out content)

OPINION

Section 117(a)[2] excludes from gross income any amount received "as a scholarship at an educational institution" or as "a fellowship grant." The statute does not define the terms "scholarship" and "fellowship grant," but the regulations provide that amounts repre-

---

[2] SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS.
    (a) GENERAL RULE.—In the case of an individual, gross income does not include—
        (1) any amount received—
            (A) as a scholarship at an educational institution (as defined in sec. 151(e)(4)), or
            (B) as a fellowship grant,
    including the value of contributed services and accommodations; and

senting "compensation for past, present, or future employment services," and amounts "paid * * * to * * * an individual to enable him to pursue studies or research primarily for the benefit of the grantor" are not excludable as scholarships or fellowship grants. Sec. 1.117-4(c)(1), (2), Income Tax Regs.[3] These regulations have been held to conform to the statutory purpose and to comport with the ordinary understanding of scholarships and fellowships as relatively disinterested, no-strings educational grants with no requirement of any substantial quid pro quo from the recipients. *Bingler* v. *Johnson*, 394 U.S. 741 (1969).

The Supreme Court stated in *Bingler* v. *Johnson, supra* at 757, that:

The thrust of the provision dealing with compensation [sec. 1.117-4(c)] is that bargained-for payments, given only as a *"quo"* in return for the *quid* of services rendered—whether past, present, or future—should not be excludable from income as "scholarship" funds. * * *

In the *Bingler* case, the Supreme Court cited with approval the cases of *Ussery* v. *United States*, 296 F. 2d 582 (C.A. 5, 1961), and *Stewart* v. *United States*, 363 F. 2d 355 (C.A. 6, 1966).

In *Ussery* v. *United States, supra,* the court held taxable monthly payments received by an employee of the Mississippi Department of Public Welfare who had been given leave to secure a master's degree in social work. The taxpayer in that case retained his rights under a merit system for retirement benefits and workmen's compensation. On completion of his educational work, the taxpayer was obligated to return to service with the grantor for at least 12 months for each school year of educational leave, or reimburse the grantor for that portion of his educational leave not liquidated through service. The taxpayer also received his regular salary, salary advances, retirement benefits, and all other compensation that he would have been entitled to receive had he remained at his regular job. As to the significance of the continuation of the taxpayer's compensation at his regular job level the court stated, *supra* at 586:

By itself this might indicate mere generosity on the part of the employer, but in addition * * * [the taxpayer] was obligated to return to work for the

---

[3] Sec. 1.117-4 Items not considered as scholarships or fellowship grants.

The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of sec. 117:

*  *  *  *  *  *  *

(c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.* (1) Except as provided in paragraph (a) of sec. 1.117-2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.

Department for at least a year or to return his employer's investment in his education. The inference is clear that the program was adopted by the [grantor] to train its employees so that they could perform their duties more effectively.

In *Stewart* v. *United States, supra,* the court held taxable an educational leave grant received by an employee of the Tennessee Department of Public Welfare. In that case there was no indication that the amount of the educational grant was related to the taxpayer's regular salary. However, the taxpayer was an employee of the grantor before and after taking educational leave. Also, during her leave the taxpayer retained her State civil service status and received credit towards retirement. Taking into account the facts that indicated a continuing employment relationship between the grantor and the taxpayer, the court found suffcient indicia of compensation to hold that the grant was in payment of past and future services.

The petitioner attempts to distinguish prior decisions by dividing the Oregon welfare system into three distinct entities: The Jackson County Public Welfare Commission; the Marion County Public Welfare Commission; and the State Commission. Petitioner contends that when the Oregon welfare system is viewed in this light, it is clear that no employment relationship could exist between the petitioner and the State Commission either before or after the grants, and thus that the grants cannot be considered compensation for past or future services.

Petitioner's argument is inconsistent with the dual responsibility of the State and counties under the Oregon welfare system. The Oregon Revised Statutes establish a State-administered public welfare plan. Ore. Rev. Stat. sec. 411.060 (1967). County public welfare commissions are subject to the regulations made by the State Commission, and can hire only upon the approval of the State Commission and in accordance with the State civil service system. Ore. Rev. Stat. sec. 411.150 (1967). The compensation of county personnel is fixed by the administrator of the State Commission, Ore. Rev. Stat. sec. 411.270 (1967); and the State Commission is the appointing authority of all county personnel for the purposes of the State civil service law. Ore. Rev. Stat. sec. 411.260 (1967). Seventy percent of the funds required for the administration of each county's welfare program are, in general, provided by the State Government and 30 percent of such funds are provided by the county. Ore. Rev. Stat sec. 411.160 (1967).

In the instant case the educational leave grants received by the petitioner in 1964 and 1965 were bargained-for payments given by the State Commission only as compensation in return for past or

future services rendered, or to be rendered, by the practitioner in the office of the State Commission or one of its county affiliates. Such payments are not scholarships or fellowship grants within the meaning of section 117 of the Code. *Bingler* v. *Johnson, supra;* cf. *Ussery* v. *United States, supra; Stewart* v. *United States, supra.*

The petitioner also attempts to support an exclusion for 75 percent of her educational grant under the theory that the grantor was the United States, not the State of Oregon. Her argument is that, as she had no employment relationship with the Federal Government, the grant, to the extent funded by Federal moneys under a 75-percent matching program, could not be in consideration of her "past, present, or future services" to the Federal Government. Petitioner's argument must fail as her agreement was not with the Federal Government and as she did not receive funds from the Department of Health, Education, and Welfare or any other Federal Agency. The Federal government was not the grantor. Cf. *Norman R. Williamsen, Jr.,* 32 T.C. 154 (1959). The grantor of the funds was the State Commission, and the funds were distributed from the general funds of the State of Oregon.

The educational leave grants of $3,510 in 1964 and $2,200 in 1965 are not excludable from the petitioner's gross income as either scholarships or fellowship grants within the meaning of section 117 of the Code.

*Decision will be entered for the respondent.*