Stephen K. **KWASS** and Jane M. Kwass, and
Kenneth R. **Lovko** and Rita J. Lovko, Plaintiffs,
Ronald M. **Benson** and Linda R. Benson, Intervenors,
v.
**UNITED STATES** of America, Defendant.

Civ. No. 31165.

United States District Court, E. D. Michigan, S. D.

Aug. 25, 1970.

C. Richard Abbott, Heritier, Abbott & Nicholson, Detroit, Mich., for plaintiffs.

James H. Brickley, U. S. Atty., E. D. Mich., Detroit, Mich., and Daniel P. Mullarkey, Department of Justice, Washington, D. C., for defendant.

OPINION AND ORDER
DENYING RELIEF

KAESS, District Judge.

This is an action brought by Drs. Stephen K. Kwass, Kenneth R. Lovko, Ronald M. Benson, and their respective wives, for recovery of taxes paid for the year 1965.

During the year 1965 the plaintiff doctors were physicians enrolled in a psychiatric program at the University Hospital of the University of Michigan, Ann Arbor, Michigan.

The issue presented to this court is whether the amount received by the doctors while affiliated with the psychiatric program at University Hospital constituted income taxable under Section 61 of

the Internal Revenue Code of 1954 or a scholarship-fellowship grant non-taxable under Section 117 of the Internal Revenue Code of 1954.

The relevant statutes and regulations involved in this matter are as follows:

Internal Revenue Code of 1954 (26 U. S.C.):

§ *61. Gross income defined*

(a) *General definition.*—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items;

\* \* \* \* \* \*

§ *117. Scholarships and fellowship grants*

(a) *General rule.*—In the case of an individual, gross income does not include—

(1) any amount received—

(A) as a scholarship at an educational institution (as defined in section 151(e) (4)), or

(B) as a fellowship grant, including the value of contributed services and accommodations; \* \* \*

\* \* \* \* \* \*

Treasury Regulations on Income Tax (1954 Code) (26 C.F.R.):

§ 1.117–3 *Definitions.*

\* \* \* \* \* \*

(c) *Fellowship grant.* A fellowship grant generally means an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study or research. The term includes the value of contributed services and accommodations (see paragraph (d) of this section) and the amount of tuition, matriculation, and other fees which are furnished or remitted to an individual to aid him in the pursuit of study or research. The term also includes any amount received in the nature of a family allowance as a part of a fellow-

ship grant. However, the term does not include any amount provided by an individual to aid a relative, friend, or other individual in the pursuit of study or research where the grantor is motivated by family or philanthropic considerations.

\* \* \* \* \* \*

§ 1.117–4 *Items not considered as scholarship or fellowship grants.*

The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117:

\* \* \* \* \* \*

(c) *Amounts paid as compensation for services or primarily for the benefit of the grantor.* (1) Except as provided in paragraph (a) of § 1.117–2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor. However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 if the primary purpose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purpose does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. Neither the fact that the recipient is required to furnish reports of his progress to the grantor, not the fact that the results of his studies or research may be of some incidental benefit to

the grantor shall, of itself, be considered to destroy the essential character of such amount as a scholarship or fellowship grant.

\* \* \* \* \* \*

The testimony adduced during the trial in this matter provides support for both sides to this controversy. While there is evidence that the Department of Psychiatry Residency Program at the University of Michigan provides training and teaching to the plaintiffs here involved, there is also evidence that the plaintiffs received the compensation for substantial services rendered for the benefit of University Hospital.

The Supreme Court case of Bingler v. Johnson, 394 U.S. 741, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969) appears to be the latest controlling word in this area and provides the lower federal courts with guidelines for interpreting the proper scope of Section 117 and Treasury Regulation § 1.117–4(c). Justice Stewart delivered the opinion of the court in *Bingler* and pointed out, at pages 749–751, 89 S.Ct. at page 1444–1445, with reference to Section 117 and its supportive regulations:

"And it is fundamental, of course, that as 'contemporaneous constructions by those charged with administration of' the Code, the Regulations 'must be sustained unless unreasonable and plainly inconsistent with the revenue statutes,' and 'should not be overruled except for weighty reasons.' Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831. In this respect our statement last Term in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537, bears emphasis:

'[W]e do not sit as a committee of revision to perfect the administration of the tax laws. Congress has delegated to the Commissioner, not to the courts, the task of prescribing "all needful rules and regulations for the enforcement" of the Internal Revenue Code. 26 U.S.C. § 7805(a). *In this area of limitless factual variations, "it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments."* Id., at 306–307, 88 S.Ct. at 449.' " [emphasis supplied]

Justice Stewart also noted the understanding of the terms "scholarships" and "fellowships" to be relatively, "no-strings" educational grants, with no requirement of any substantial *quid pro quo* from the recipients. And finally at pages 757–758, 89 S.Ct. at page 1448 Justice Stewart unequivocally states in summary:

"The thrust of the provision dealing with compensation is that bargained-for payments, given only as a 'quo' in return for the 'quid' of services rendered—whether past, present, or future—should not be excludable from income as 'scholarship' funds."

In the case at bar there was indeed the requisite *quid pro quo* from the resident doctors. For the University Hospital was receiving substantial services from them in exchange for the salaries paid. The facts that the residents benefited by learning under the supervision of very experienced doctors, and that the compensation received was less than they might otherwise have anticipated, do not alter the overriding fact that they were being compensated for substantial services rendered.

Thus, although the doctors' salaries were not the *only* "quo" for the "quid" of services rendered, the court finds the requisite substantial relationship so as to bring this case within the rule laid down in Bingler v. Johnson, supra. Also in point is the recent tax court case of Anderson v. Commissioner, 54 T.C. 1035:

Therefore, it is ordered that plaintiffs' claims be denied.