ELIZABETH R. WELLFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wellford v. Commissioner
Docket No. 14894-84.
United States Tax Court
T.C. Memo 1985-458; 1985 Tax Ct. Memo LEXIS 171; 50 T.C.M. (CCH) 945; T.C.M. (RIA) 85458; September 3, 1985. Michael R. Wellford, *172 for the petitioner. Ronald T. Jordan, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $3,611.89 in petitioner's Federal income tax for 1979. After concessions, the only issue for decision is whether petitioner is entitled for 1979 to an investment tax credit with respect to the cost of installing drainage tile on her farm, which cost she deducted for that year under section 175. [1]
All the facts are stipulated. Petitioner Elizabeth R. Wellford resided in Charleston, West Virginia, at the time the petition was filed. Petitioner timely filed a Federal income tax return for 1979 with the Internal Revenue Service Center, Memphis, Tennessee. In 1979, petitioner paid $10,322.90 for the installation of drainage tile on her farm. Petitioner deducted on schedule F of her 1979 tax return the entire cost of the installation of the drainage tile "under the provisions of IRC section 175," according to the stipulation, and respondent did not disallow the deduction. *173 She also claimed an investment tax credit in the amount of $1,032.29 for the installation of the drainage tile. The allowability of this credit is the only issue before the Court. Section 38(a) provides for an investment tax credit with respect to "section 38 property," defined in section 48(a)(1) as follows: (a) Section 38 Property.-- (1) In general.--Except as provided in this subsection, the term "section 38 property" means-- (A) tangible personal property (other than an air conditioning or heating unit), or (B) other tangible property (not including a building and its structural components) but only if such property-- (i) is used as an integral part of manufacturing, production, or extraction or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services * * * * * * Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable and having a useful life (determined as of the time such property is placed in service) of 3 years or more. * * * Respondent disallowed petitioner's investment tax credit on the theory that the drainage tile installed by petitioner *174 does not constitute property "with respect to which depreciation * * * is allowable" as required by the flush language portion of section 48(a)(1). Respondent argues that, because petitioner deducted currently the cost of installing the drainage tile, depreciation was not allowable to petitioner and, therefore, petitioner is not entitled to an investment credit with respect to the drainage tile. We agree with respondent. Section 1.48-1(b)(1) and (3), Income Tax Regs., provides: Property is not section 38 property unless a deduction for depreciation (or amortization in lieu of depreciation) with respect to such property is allowable to the taxpayer for the taxable year. A deduction for depreciation is allowable if the property is of a character subject to the allowance for depreciation under section 167 and the basis (or cost) of the property is recovered through a method of depreciation * * *. * * * If the cost of property is not recovered through a method of depreciation but through a deduction of the full cost in one taxable year, for purposes of subparagraph (1) of this paragraph a deduction for depreciation with respect to such property is not allowable to the taxpayer. *175 * * * The Court of Claims upheld the foregoing regulation in Coca-Cola Bottling Co. of Baltimore v. United States,203 Ct. Cl. 18, 487 F.2d 528, 533 (1973). The taxpayers therein, subsidiaries of a beverage bottling and sales company, deducted currently the cost less deposit value of newly purchased bottles and cases, as well as the deposit value of bottles and cases discarded at its plant. The issue before the court was whether depreciation is "allowable" within the meaning of section 48 where the taxpayers could have recovered the cost through depreciation but elected to deduct such cost currently. The taxpayer maintained that "allowable" as used in section 48(a)(1) merely describes the type of property qualifying for the investment tax credit. The court held, however, that "a depreciation deduction must be allowable to the particular taxpayer in order for property to be 'section 38 property' and that a deduction for depreciation is not allowable to the taxpayer if the full cost of property is recovered in one taxable year." [Emphasis added.] 203 Ct. Cl. at 28, 487 F.2d at 533. See also Wagensen v. Commissioner,74 T.C. 653, 661 (1980). *176 Petitioner's case differs from the Coca-Cola case in that the taxpayer in Coca-Cola could elect, according to the court, to recover through depreciation deductions, or to deduct currently, the cost of its newly purchased bottles. In the instant case, the stipulated facts do not show that petitioner had the right to make such an election with respect to the expenditures for the drainage tile. In general terms, the election accorded by section 175(a) and (c)[2] applies only to expenditures for "the treatment or moving of earth." The regulations explain that the section applies only to "expenditures which do not give rise to a deduction for depreciation and which are not otherwise deductible." Sec. 1.175-1, Income Tax Regs. Indeed, the regulations list "tile" as one of the types of "depreciable property" to which section 175 does not apply. Sec. 1.175-2(b)(1), Income Tax Regs.[3] Nonetheless, the parties have tacitly agreed that petitioner is entitled to deduct for 1979 her expenditures for the tile under section 175. The allowability of the claimed deduction for the cost of the installation of the tile is not, therefore, before us. However, consistent with the conclusion *177 in the Coca-Cola case, because petitioner recovered the cost of the tile through a deduction of the full amount thereof in 1979, the tile is not "property with respect to which depreciation * * * is allowable" within the meaning of section 48(a)(1) and will not support an investment tax credit. [4]
*178 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC. 175. SOIL AND WATER CONSERVATION EXPENDITURES. (a) In General.--A taxpayer engaged in the business of farming may treat expenditures which are paid or incurred by him during the taxable year for the purpose of soil or water conservation in respect of land used in farming, or for the prevention of erosion of land used in farming, as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction. (c) Definitions.--For purposes of subsection (a)-- (1) The term "expenditures which are paid or incurred by him during the taxable year for the purpose of soil or water conservation in respect of land used in farming, or for the prevention of erosion of land used in farming" means expenditures paid or incurred for the treatment or moving of earth, including (but not limited to) leveling, grading and terracing, contour furrowing, the construction, control, and protection of diversion channels, drainage ditches, earthen dams, water-courses, outlets, and ponds, the eradication of brush, and the planting of windbreaks. Such term does not include-- (A) the purchase, construction, installation, or improvement of structures, appliances, or facilities which are of a character which is subject to the allowance for depreciation provided in section 167, or (B) any amount paid or incurred which is allowable as a deduction without regard to this section. * * * ↩
3. See also Rev. Rul. 66-89, 1966-1 C.B. 7↩ (drain tiles used to irrigate cultivated fields or improve the drainage of a pasture specifically qualify as sec. 38 property). We have no evidence in the record as to why petitioner deducted and respondent allowed a current deduction for the full cost of installing the drainage tile in this case. 4. Respondent's position is bolstered by an additional argument: the regulation (sec. 1.48-1(b)(3), Income Tax Regs., quoted in part above) requires that the taxpayer recover his basis or cost through a method of depreciation. Where the taxpayer deducts his cost in full currently, as did petitioner in the instant case, his basis in the asset is zero, precluding any deduction for depreciation. No depreciation would be "allowable" to such a taxpayer and, accordingly, no investment tax credit would be permitted. Anderson v. Commissioner,54 T.C. 1035, 1039 (1970), affd. 446 F.2d 672, 674↩ (5th Cir. 1971).