474 F.2d 1350
 77-2 USTC P 9633
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick J. Buhr and Shirley A. Buhr, Petitioners-Appellants
v.
Commissioner of Internal Revenue, Respondent-Appellee.
 No. 72-1276.
 United States Court of Appeals, Seventh Circuit.
 Feb. 1, 1973.
 
 Before KILEY, FAIRCHILD and CUMMINGS, Circuit Judges.
 
 Order
 
 1
 The taxpayers, Frederick and Shirley Buhr, appeal the Tax Court's ruling that payments made to Buhr by the Wisconsin State Department of Health and Social Services under an employee education program were taxable income and not excludable under the "scholarship" or "fellowship" exclusions of Section 117 of the Internal Revenue Code. We consider appellants' pro se appeal under Rule 2 of the Federal Rules of Appellate Procedure on the briefs and record without oral argument.
 
 
 2
 Appellant Buhr, an employee of the Wisconsin State Department of Public Welfare, now the Department of Health and Social Services, entered into an agreement with his employer by which the employer was to pay a bi-monthly stipend to assist him in obtaining a master's degree in social work. In exchange for the financial assistance, Buhr agreed to pursue a course of study at the University of Wisconsin which would lead to a master's degree in social work. In addition, Buhr agreed to return to the Public Welfare Department, or some agency approved by the Department, and work for a minimum of twelve months for each academic year the stipend was paid. The purpose of the stipend, as stated in the written agreement, was to insure that:
 
 
 3
 ... fully qualified social workers [would] be available for the State Dept. of Public Welfare and agencies under its supervision.
 
 
 4
 The appellants excluded the payments made pursuant to the agreement from their gross income on their tax return, arguing that the payments represented a scholarship or fellowship grant and were excludable under Section 117. The Tax Court ruled that the payments were compensation for past or future services and not in the nature of a scholarship or fellowship within the meaning of Section 117. 26 U.S.C. Sec. 117 (1954). The payments were, therefore, includable in the taxpayers' gross income.
 
 
 5
 It is the appellants' contention that the Tax Court's refusal to apply Section 117 to his stipend was error. They argue that because Buhr did not return to employment with the State Department of Public Welfare following receipt of this master's degree but went to work for a county welfare agency, an entirely separate entity, the Tax Court's conclusion that the stipend was compensation for future services was without foundation. Appellants also argue that their case was improperly consolidated with those of other taxpayers seeking similar exclusions. We reject both arguments.
 
 
 6
 Section 117 which excludes from federal income tax all money received from scholarships and fellowships, has been ruled inapplicable to funds received for educational purposes which actually represent compensation for past or future services. Treasury Regulation, Section 1.117-4(c) provides:
 
 
 7
 (c) Amounts paid as compensation for services or primarily for the benefit of the grantor.
 
 
 8
 (1) Except as provided in paragraph (a) of Sec. 1.117-2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.
 
 
 9
 (2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.
 
 
 10
 Upholding Treasury Regulation 1.117-4(c), the Supreme Court noted in Bingler v. Johnson, 394 U.S. 741 (1969):
 
 
 11
 Here, the definitions supplied by the Regulation clearly are prima facie proper, comporting as they do with the ordinary understanding of "scholarships" and "fellowships" as relatively disinterested, "no-strings" educational grants, with no requirement of any substantial quid pro quo from the recipients.
 
 
 12
 Having reviewed the record in this case, we find absolutely no facts to support a conclusion contrary to that of the Tax Court's finding that the stipend was actually payment for future services which Buhr agreed to perform. The agreement itself demonstrates that a quid pro quo arrangement was contemplated by both parties. The agreement not only specified that Buhr was to work for the Department of Public Welfare or some agency under the Department's supervision for at least one year for every academic year of subsidized study, but also required Buhr to repay the full amount of the stipend if he failed to do so. Clearly, this was a quid pro quo arrangement by which the state bargained for future services of qualified social workers in exchange for financial assistance with their educational pursuits. Payments under such arrangements have consistently been held to be taxable income outside the exclusions of Section 117. Ward v. Commissioner, 449 F.2d 766 (8th Cir.1971); Stewart v. United States, 363 F.2d 355 (6th Cir.1966); Ussery v. United States, 296 F.2d 582 (5th Cir.1961).
 
 
 13
 It is of no moment to this controversy that Buhr did not return to work for the Department of Public Welfare. It may well be that the Department considered his work for the county agency as fulfillment of his obligation. But even if he failed to perform the contractual obligation by reason of which the receipts were taxable income, subsequent failure to perform would not transform them to non-taxable income.
 
 
 14
 Appellants' contention that it was error to consolidate their case with others of an admittedly similar nature is equally without merit. In addition to their failure to object to the consolidation when it was ordered, appellants have not demonstrated how their case was different from those consolidated with it or how any differences which might have existed would have affected the outcome. Without something more than the mere assertion that the consolidation was prejudicial, we have no basis for holding it improper.
 
 
 15
 For these reasons, the judgment of the Tax Court is affirmed.
 
 
 16
 AFFIRMED.