MELVIN H. WEINER, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 907-73.     Filed May 27, 1975.

*Michael D. Brayton,* for the petitioner.
*Marvin T. Scott,* for the respondent.

WILES, *Judge:* Respondent determined a deficiency in petitioner's income tax for the year 1970 in the amount of $2,295.52. The issue is whether petitioner is entitled to exclude the entire amount of a fellowship grant received by him during the year 1970.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Melvin H. Weiner (hereinafter referred to as petitioner) was a legal resident of the State of Colorado at the time the petition was filed. Petitioner filed his income tax return for 1970 with the District Director of Internal Revenue in Denver, Colo.

Petitioner graduated from the University of Michigan in 1963 with a B.S. degree in zoology. From September 1963 to June 1965, petitioner attended the California College of Medicine at the University of California. From June 1965 through June 1967, petitioner attended the University of Michigan Medical School from which he graduated during 1967, receiving an M.D. degree. From July 1967 through June 1968, petitioner served his internship at Children's Hospital in Denver, Colo. Beginning in July 1968, petitioner entered into a residency in pediatrics at Children's Hospital in Denver, Colo., completing 1 year of this requirement in June 1969.

Beginning July 1, 1969, petitioner commenced a research fellowship in an endeavor entitled "Laboratory Training Program in Mental Retardation," Project No. 252 (hereinafter referred to as Project 252), administered by the University of

Colorado Medical Center. His appointment was for the period July 1, 1969, through June 30, 1970. The stipend received by petitioner for his work on this project was $8,500. Project 252 was funded by the Department of Health, Education, and Welfare Social Rehabilitation Services, Children's Bureau (hereinafter referred to as HEW).

Commencing with the fall quarter of 1969 and continuing through the spring quarter of 1970, petitioner was registered at the University of Colorado School of Medicine in graduate school. While enrolled in the graduate school of medicine, petitioner was taking four hours of classes per quarter. Petitioner never completed the graduate program. Research under Project 252 and courses taken by petitioner in the graduate school of medicine were in the same area of professional discipline, i.e., child development.

In connection with Project 252 there was no formal requirement by HEW that petitioner, as the recipient of the benefits, either be enrolled in graduate school or taking courses in graduate school. Petitioner was required to engage in either laboratory or clinical research of a nature encompassed by Project 252. The HEW grant was not awarded for the purpose of obtaining an academic degree. There was neither a formal nor an informal requirement imposed by either the University of Colorado Medical Center or the John F. Kennedy Child Development Training Center that fellows working under Project 252 take courses offered by the Medical Center.

The University of Colorado Medical Center, in a pamphlet entitled "Post-Doctoral Training Programs, Department of Pediatrics," made the following statements:

> The fellows are privileged to enroll in the Graduate School. This permits them to obtain an advanced degree, provided that they have satisfied the requirements of the Graduate School for such degrees. If they enroll for a minimum of four credit hours per quarter they become eligible for special tax bonuses.
> * * *
> In general, fellows in clinical subspecialties are not encouraged to enter the Graduate School, but research fellows and candidates for degrees other than M.D. are required to do so. Graduate programs are also available to persons who do not have medical training, but are interested in careers in medical science.

On his 1970 income tax return, petitioner reduced his income in the amount of $4,604.08 with regard to payments received by him during 1970 pursuant to Project 252. In a notice of

deficiency dated November 10, 1972, and supplement thereto dated December 7, 1972, respondent determined that petitioner realized income of $4,604.08 from the University of Colorado Medical Center pursuant to the stipends received under Project 252. At the trial respondent conceded that petitioner is entitled to an exclusion of $300 per month for the applicable number of months in 1970 under section 117(b)(2)(B).[1]

OPINION

The issue is whether petitioner is to be treated as a "candidate for a degree" and entitled to an exclusion in excess of $300 a month for the stipends received under the fellowship grant awarded pursuant to Project 252.

Section 117(a)[2] provides that amounts received as a scholarship or fellowship grant are excludable from gross income. As a result of respondent's concession that petitioner is entitled to at least an exclusion of $300 per month, there is no question that the fellowship grant comes within section 117(a). The general exclusionary rule of section 117(a), however, is subject to two limitations. Section 117(b)(1)[3] generally provides that amounts received by a candidate for a degree are includable in income if

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise indicated.

[2] SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS.
(a) GENERAL RULE.—In the case of an individual, gross income does not include—
    (1) any amount received—
        (A) as a scholarship at an educational institution (as defined in section 151(e)(4)), or
        (B) as a fellowship grant,
including the value of contributed services and accommodations; and
    (2) any amount received to cover expenses for—
        (A) travel,
        (B) research,
        (C) clerical help, or
        (D) equipment,
which are incident to such a scholarship or to a fellowship grant, but only to the extent that the amount is so expended by the recipient.

[3] SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS.
(b) LIMITATIONS.—
    (1) INDIVIDUALS WHO ARE CANDIDATES FOR DEGREES.—In the case of an individual who is a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall not apply to that portion of any amount received which represents payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship grant. If teaching, research, or other services are required of all candidates (whether or not recipients of scholarships or fellowship grants) for a particular degree as a condition to receiving such degree, such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph.

paid for services, unless such services are required of all candidates for a particular degree as a condition to receiving such degree. Section 117(b)(2) generally provides that for individuals who are not candidates for a degree, the amount of the exclusion allowed under section 117(a) is limited to $300 a month for the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year.

Petitioner contends that since he was a candidate for a degree in the graduate school, University of Colorado School of Medicine, at the time he was receiving the fellowship grant under Project 252, he is subject to the limitations of 117(b)(1) and therefore should be allowed to exclude the entire amount of stipends received under the grant. Respondent contends that, in order to receive the benefits which section 117 accords to a candidate for a degree, the grant must be for the purpose of attaining an academic degree and the course work undertaken must parallel the grant. For the reasons stated below, we hold that for purposes of determining limitations on excludability of amounts received by petitioner under this fellowship grant, he is considered to be an individual who is not a candidate for a degree and is therefore subject to the provisions of section 117(b)(2)(B).

It is inherent in section 117 that there be a connection between a scholarship or fellowship excludable under section 117(a) and the capacity, i.e., candidate for a degree or not a candidate for a degree, in which received. The legislative history of section 117 supports this conclusion.

Section 117 was first enacted in the Internal Revenue Code of 1954. The House Committee on Ways and Means, in H. Rept. No. 1337, 83d Cong., 2d Sess. 16-17 (1954), provided that:

> The bill provides that amounts received as scholarships or fellowships are excludable from gross income, but the exclusion is not to apply to (1) amounts received as payment for research or teaching services, and (2) in the case of individuals who are not candidates for degrees, amounts received as grants which in effect represent a continuing salary during a period while the recipient is on leave from his regular job. * * *

The Senate Finance Committee, in S. Rept. No. 1622, 83d Cong., 2d Sess. 189 (1954), made several changes as follows:

> A new sentence has also been added at the end of paragraph (1). *It provides that if teaching, research, or other services are required of all candidates* (whether or not recipients of scholarships or fellowship grants) *for a particular degree as a*

*condition to receiving such degree,* such teaching, research, or other services shall not be regarded as part-time employment within the meaning of this paragraph. The purpose of this provision is to make clear that services which constitute a part of the regular curriculum, or of the regular course of study leading to a *particular degree,* are not within paragraph (1). For example, if all candidates for a particular *education degree* are required, as a part of their regular course of study, to perform part-time practice teaching services, such services are not regarded as part-time employment for purposes of section 117(b)(1). [Emphasis added.]

Furthermore, the Finance Committee stated that:

The House bill provided a specific standard for determining the taxability of grants received by individuals who are not candidates for a degree, *typically the recipients of post doctoral fellowships.* * * * [S. Rept. No. 1622, *supra* at 18; emphasis added.]

The crux of the changes made by the Senate in implementing section 117(b)(1) is that full exclusion of scholarship awards are allowed only when any services required under a grant have an integral relationship in obtaining a degree. The provision necessarily assumes that the scholarship is awarded to a candidate for a degree for the purpose of aiding the student to obtain a degree.

Section 1.117-3(e), Income Tax Regs., states that a candidate for a degree is an individual undergraduate or graduate studying or conducting research to meet the requirements for a degree given by a college or university. Petitioner argues that since he was an individual graduate student conducting research and studying to acquire a masters degree in pediatrics from the University of Colorado, he comes within the definition of section 1.117-3(e), Income Tax Regs. In *Elmer L. Reese, Jr.,* 45 T.C. 407 (1966), affd. per curiam 373 F. 2d 742 (4th Cir. 1967), this Court rejected a similar argument raised by the taxpayer to apply a mechanical test to section 117. While petitioner may well have been a "candidate for a degree" there was no connection between such candidacy and the fellowship awarded to him under Project 252.

Although there are no cases which have directly considered the issue in this case, decisions involving the exclusion of scholarships or fellowship grants for candidates for a degree support this position. For example, it is clear that merely being a candidate for a degree is not sufficient to allow exclusion of scholarships or fellowship grants awarded for services. See *Sheldon A. E. Rosenthal,* 63 T.C. 454 (1975); *Lowell D. Ward,* 55 T.C. 308

(1970), affd. per curiam 449 F. 2d 766 (8th Cir. 1971); *Edward A. Jamieson,* 51 T.C. 635 (1969); *Stephen L. Zolnay,* 49 T.C. 389 (1968); *Alex L. Sweet,* 40 T.C. 403 (1963). Furthermore, in those cases which have allowed excludability of scholarships or fellowship grants for candidates for a degree, the scholarship or fellowship grant which required the performance of services was integrally related with the pursuance of the degree for which the taxpayer was a candidate. See *Robert Henry Steiman,* 56 T.C. 1350 (1971); *Chander P. Bhalla,* 35 T.C. 13 (1960).

In this case, petitioner was awarded a postdoctoral fellowship grant for the purpose of performing research to further his education and training. As indicated from the legislative history quoted above, this is a situation which Congress intended to be covered by the limitations applicable to individuals who are not candidates for a degree. It has also been stipulated that there was no formal requirement by HEW that petitioner, as a recipient of the benefits, either *be* enrolled in graduate school or taking courses in graduate school. Further, the postdoctoral training program pamphlet issued by the University of Colorado Medical Center, stated that fellows in clinical subspecialties (such as petitioner) were not encouraged to enter the graduate school. Petitioner, for personal reasons, chose to enter the graduate medical school and take courses which could eventually lead to a masters degree in medicine. When there is no connection between such candidacy and the fellowship award, as in the present case, the recipient is considered to be an individual who is not a candidate for a degree for purposes of determining limitations on excludability of the fellowship under section 117.

We therefore hold that the excludability of the stipends received by petitioner under the fellowship grant under Project 252 are subject to the $300-per-month limitation of section 117(b)(2)(B).

*Decision will be entered under Rule 155.*